THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL NATAL DE LA CRUZ, Defendant and Appellant.

No. 7885. Argued December 8, 1939.—Decided January 19, 1940.

888

*Gelpí & Gelpí,* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

A complaint was filed against Rafael Natal de la Cruz in the Municipal Court of Mayagüez for a violation of Section 12, pars. (*a*) and (*g*) of the Automobile Law (Laws of 1916, p. 147, 148) for driving the bus No. GM 274, an automobile, at eleven o'clock at night, on December 2, 1938, in Mayagüez, on the corner of Hostos & Betances Sts., without taking due care or reasonable precautions for the security of lives and property, without reducing speed or giving any warning with his klaxon on reaching said corner and thereby colliding with the automobile P–2737, which was travelling on Hostos Street, damaging said car and causing it to collide in turn with a letter box, property of the Federal Government, which had been installed on said corner and which was entirely destroyed.

The case was heard on appeal in the district court and the defendant alleged that the complaint did not allege facts constituting a violation. After the demurrer was discussed the defendant reached an agreement with the District Attorney and they submitted the following:

"Stipulation.—The defendant hereby appears represented by his attorneys Gelpí & Gelpí, one of whom signs this stipulation, and The People of Puerto Rico represented by its Acting District Attorney, Vicente Palés Matos, and they submit to the consideration of the Court. . .

"*First:* That The People of Puerto Rico present to the consideration of the court the following evidence for the prosecution, as though the same had been adduced from the testimony of duly sworn witnesses:

"(*a*) That the defendant, at 11 o'clock of the night of December 2, 1938, was driving a motor vehicle on Betances Street, in the City of Mayagüez.

"(*b*) That when the defendant approached the corner of Betances & Hostos Streets, while driving said vehicle he did not reduce speed nor give any warning whatsoever with his horn, claxon or otherwise.

"*Second.*—That the defendant presents to the consideration of the court the following evidence, for the defense, as though the same had been adduced from the testimony of duly sworn witnesses: (*a*) That the defendant, while driving said motor vehicle on Betances Street in the Municipality of Mayagüez, and upon nearing the corner of Betances and Hostos Streets, did not give any warning with his klaxon, horn or otherwise. (*b*) That the facts alleged in the complaint occurred at eleven o'clock at night on December 2, 1938. (*c*) That the defendant is a resident of the Municipality of Ponce, P. R. (*d*) That he did not give warning with his klaxon . . . because he knew that on that date there was in full force and effect . . . . a Municipal Ordinance which provides that from ten o'clock at night until six o'clock in the morning no use shall be made of the klaxon. . . (*e*) That the klaxon on defendants' vehicle on that date was very strong and made an exaggerated noise which could not be regulated by the defendant at that moment. (*f*) As documentary evidence he presents the Ordinance in regard to public order, traffic and other matters, approved by the Municipal Assembly of Mayagüez on April 1, 1931, and approved by the Mayor of Mayagüez on April 5, 1931. especially par. 12 of Sec. 5 of said Ordinance."

The stipulation was approved and the court then dismissed the demurrer and rendered judgment finding the accused guilty and fining him $10 or one day in jail for each dollar unpaid.

Natal appealed and in his brief alleges that the district court committed three errors, the first two in dismissing the demurrer and the last in weighing the evidence.

■■ The first alleged error states that the complaint is insufficient because although it is alleged that the defendant did not reduce speed it is not alleged that he was driving at great speed or at a higher speed than that authorized by law, to wit: ''The speed of motor vehicles shall at all times be regulated with due care and with due regard to the width, amount of traffic and use of the highway, but the driving at any time of any motor vehicle on the public highway at any rate of speed faster than 48 kilometers an hour, or within the urban zone of a municipality faster than 24 kilometers per hour, shall be prima facie evidence that it was being driven without due care.'' Section 13, par. (a) of the Automobile Law of 1916.

In our opinion there was no error. The complaint follows the statute. Of course, if a person drives his automobile so slowly that there is no danger of causing any damage, he would not have to reduce speed on reaching a street or road corner. The failure to reduce speed that the legislator had in mind, implies that the reduction was necessary. If it was not, such circumstance may be alleged as a defense and if proven will eliminate an integral element of the violation. See *People* v. *Rodríguez*, 41 P.R.R. 599.

■ Nor was the second alleged error committed, which states that the complaint is insufficient because ''between the hours of ten o'clock at night and six o'clock in the morning the Motor Vehicles Act of Puerto Rico expressly forbids the use of the klaxon.''

It appears in fact that the violation was committed at eleven o'clock at night and that at that hour the law forbids the use of the klaxon. Sec. 8, par. (d) provides: ''Each motor vehicle shall be equipped with a muffler and the use of a muffler cutout in a street in the urban part of, or thickly settled part of a municipality, as well as the use of any sig-

naling device other than a bulb horn, unnecessary racing of engines, or the making of other unreasonable noise, or permitting the escape of an unreasonable amount of smoke in such places, is prohibited.''

But the violation did not consist in not using the klaxon, but in that the speed was not reduced and no warning was given with the corresponding apparatus. And the law itself in par. (*b*) of said Section 8 orders that ''every motor vehicle shall be equipped with suitable bell, horn or other adequate signaling device.''

If the defendant only had a klaxon this was due to his lack of foresight and he is liable for his own acts.

In discussing the third error it was maintained that if the defendant had used his klaxon he would have violated an ordinance of the municipality within whose jurisdiction he was, an ordinance which forbids the use of said apparatus at the hour in which the accident occurred. The ordinance is not in conflict with the law. They are harmonious. We have already said that the defendant could have given warning without using his klaxon if he had obeyed the order of the law and equipped his vehicle with a bell, bulb-horn or other adequate apparatus to give warning other than the klaxon. And as he admitted he knew the Ordinance and he knew that he had to pass through the streets of the Municipality in which it was in force, he should have been prepared to obey it, at the same time obeying the law which governs the whole Island.

The judgment appealed from must be affirmed.